N THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
CIVIL DIVISION

LISA RENAE ROGERS                                                    PLAINTIFF

VS.                          CASE NO. 73CV-20-*105*

DOLLAR GENERAL CORPORATION
d/b/a DOLLAR GENERAL – JUDSONIA;
RFEC IV INVESTMENTS LLC d/b/a
DOLLAR GENERAL – JUDSONIA;
and JOHN DOES 1-10                                                   DEFENDANTS

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Lisa Rogers, by and through her attorneys, Denton & Zachary,

PLLC, and for her Complaint against Defendant Dollar General Corporation d/b/a Dollar

General – Judsonia, RFEC IV Investments LLC d/b/a Dollar General – Judsonia, and John Does

1-10, respectfully states as follows:

### I. INTRODUCTION

1.      This action sounds in tort and arises from an incident on or about May 19, 2017, at

a Dollar General store located in Judsonia, Arkansas at 551 Highway 385 N., Judsonia, Arkansas

72081. On or about that date, Plaintiff, a business invitee, slipped and fell on Defendant Dollar

General's unreasonably dangerous, unsafe, and extraordinarily slippery carpet, when she lost her

footing due to the presence of a raised section of carpeting while attempting to leave the store. As

a result, Plaintiff suffered severe, permanent, and debilitating injuries, as described more fully

below. Plaintiff brings her negligence claims under Arkansas law, seeks to be made whole and

recover compensatory, actual, consequential, special, and all other damages permitted by law, in

an amount in excess of the minimum required for federal diversity jurisdiction.

### II. PARTIES

2.      Plaintiff is a resident of White County, Arkansas.

EXHIBIT
1

3.      Defendant Dollar General Corporation d/b/a Dollar General – Judsonia is a foreign corporation organized under the laws of Tennessee. Dollar General Corporation is a multistate discount retail corporation that operates numerous discount stores with its principle base of operations in Goodlettsville, Tennessee. Defendant Dollar General Corporation can be served process through its registered agent of service: **Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.** Dollar General owns and operates a discount store located in Judsonia, White County, Arkansas and does business as "Dollar General."

4.      Defendant RFEC IV Investments LLC d/b/a Dollar General – Judsonia is a foregin limited liability company, headquartered in Chicago, Illinois. Defendant RFEC IV Investments LLC can be served process through its registered agent of service: **Corporate Creations Network Inc., 609 SW 8th Street, #600, Bentonville, Arkansas 72712.** Defendant RFEC IV Investments LLC d/b/a Dollar General – Judsonia has ownership in, and operates and controls the Judsonia Dollar General.

5.      Defendants John Does 1-10 are persons whose identities are unknown at this time. To the extent that one or more of these persons are responsible, legally of factually, for the acts and omissions named herein, or for the harm caused thereby, they are considered tortfeasors for purposes of the present action. Plaintiff anticipates the identity of said unknown tortfeasors will be determined in discovery. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Arkansas Code Annotated § 16-56-125, and it is attached hereto as "Exhibit A."

## III. JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to Arkansas Code Annotated § 16-13-201, which says that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances, except where exclusive jurisdiction is given to other courts.

7.      Venue is proper in White County, Arkansas, pursuant to Arkansas Code Annotated § 15-60-101(a), which provides that a civil action shall be brought in any of the following counties in Arkansas: (1) the county in which a substantial part of the events or omissions giving rise to the cause of action occurred; (2) the county in which an individual defendant resided at the time of the events or omissions giving rise to the cause of action; and/or (3) the county in which the plaintiff resided at the time of the events or omissions giving rise to the cause of action.

## IV. FACTS

8.      On or about Friday May 19, 2017 (the "subject date"), Plaintiff went to Dollar General, located at 551 Highway 385 N., Judsonia, Arkansas 72081 to shop for groceries and other assorted home goods.

9.      On the above date, and at the above time and for some time prior thereto, Defendants owned, occupied, operated, and controlled the Judsonia Dollar General.

10.     Before Plaintiff entered onto Defendants' property on the subject date, Defendants' employees failed to property maintain the carpeting near the entrance by ensuring it was properly placed and not a tripping hazard.

11.     On the subject date, Plaintiff entered Defendants' property for the purpose of shopping for and purchasing assorted food and home goods items and was therefore a lawful entrant and business invitee upon the premises.

12.     On the subject date, Plaintiff attempted to leave the Judsonia Dollar General after completing her desired shopping.

13.     Plaintiff's only route to leave the store was through the front entrance, that had a carpet placed before it, so she was required to walk over the carpet in order to leave the store.

14.     Plaintiff was therefore required to walk over the carpet at the entrance/exit of the Judsonia Dollar General owned by Defendants to accomplish her goal of leaving the store after completing her desired shopping.

15.     At the time of the occurrence herein, Defendants knew or should have known that business invitees, such as Plaintiff, would regularly be required to walk over the carpet placed at the entrance/exit of the store.

16.     At the time of the occurrence herein, it was the duty of Defendants to exercise due care in providing a safe path through which customers can enter and exit the store, so as to not negligently and carelessly cause injury to Plaintiff, who was a business invitee on Defendants' premises at the time of the injury set forth herein.

17.     On the subject date, while Plaintiff was present on Defendants' property, there was a raised section of the carpet that was placed at the entrance/exit of the Judsonia Dollar General.

18.     On the subject date, while Plaintiff was attempting to exit the store, the carpet on the floor of the entrance/exit caused Plaintiff to fall.

19.     When Plaintiff fell at Defendants' property, she suffered severe, debilitating, and permanent injuries.

## V. CAUSE OF ACTION - NEGLIGENCE

20.     Plaintiff fully alleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

21.     Defendants maintain and enforce uniform standards of operation for all of its discount stores across the country, including the Dollar General located at 551 Highway 385 N., Judsonia, Arkansas 72081.

22.     Defendants had the duty, power, and control to enforce, test, and require any and all of its stores across the country to attend and complete any training necessary it, in its sole discretion, may choose to conduct.

23.     Defendants has a duty to train its employees to exercise ordinary care to maintain its premises in a reasonably safe condition for the benefit of its customers.

24.     Defendants, at all times relevant hereto, were in exclusive possession and control of the subject premises, and by its failure to exercise reasonable care to protect Plaintiff from harm, are solely responsible for Plaintiff's injuries.

25.     Defendants failed to exercise ordinary care to maintain the subject premises in a reasonably safe condition for the benefit of its business invitees, including Plaintiff.

26.     Defendants failed to properly train its agents, employees, and/or servants, to properly maintain the subject premises in a reasonably safe manner at the Judsonia Dollar General.

27.     Defendants failed to properly train its agents, employees, and/or servants to properly warn of dangerous conditions present at the Judsonia Dollar General.

28.     Defendants breach of the direct, affirmative, and non-delegable duties, as described above, were the actual and proximate cause of Plaintiff's injury and resulted in serious and permanent damages for which Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. PROXIMATE CAUSATION

29.     Plaintiff fully alleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

30.     Plaintiff's serious and permanent injuries are a natural and probable consequence of the above-articulated negligent acts and omissions and were therefore directly and proximately

caused by Defendants' negligence.

## VII. INJURIES AND DAMAGES

31.     Plaintiff fully alleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

32.     As a result of this occurrence and incident, Plaintiff was seriously and permanently injured.

33.     Plaintiff is entitled to the following measures of damages, including general, special, compensatory, actual, consequential, and all available damages, including, but not limited to:

a.     The nature, extent, duration, and permanency of her injuries;

b.     The full extent of the injuries she sustained, including any pre-existing condition aggravated by the incident in question;

c.     The expense of his medical care, treatment and services received, including transportation, board and lodging expense and expenses that will be required in the future;

d.     The reasonable expenses of any necessary help and caretaking in Plaintiff's home, which has been required as a result of his injury and the present value of such expense reasonably certain to be required in the future;

e.     Pain, suffering, and mental anguish experienced in the past and reasonably expected to be experienced in the future;

f.     Hedonic damages and loss of enjoyment of life damages;

g.     Loss of past, present, and future earnings, profits, salary, benefits, privileges, bonuses, business opportunities and advancement;

h.    Loss of earning capacity or ability to earn;

i.    Scarring, disfigurement, and the visible results of his injuries; and

j.    All other damages permitted by law.

34.    The injuries and damages described herein and have been suffered in the past will continue in the future.

## VIII. DEMAND AND PRAYER FOR RELIEF

35.    Pursuant to Ark. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues of fact.

36.    Plaintiff reserves the right to amend the Complaint to conform to proof.

37.    Plaintiff reserves the right to file additional and supplemental pleadings after further investigation and discovery and additional facts are ascertained.

WHEREFORE Plaintiff Lisa Rogers hereby prays for a judgment and verdict against Defendants, awarding actual, special, compensatory and consequential damages against Defendants to the extent permitted by law; for an award of costs and attorney's fees, including costs and expenses expended in recovering on any judgment, and for all other relief at law or equity to which they are entitled.

Respectfully Submitted,

DENTON & ZACHARY, PLLC
Joe Denton, Ark. Bar No. 2012167
Justin C. Zachary, Ark. Bar No. 2010162
Andrew Payne Norwood, Ark. Bar No. 2017107
700 S. German Lane, Suite 101
Conway, Arkansas 72034
Tel:    (501) 358-4999
Fax:    (501) 358-4737
Email:  joe@dentonandzachary.com
        justin@dentonandzachary.com
        andrew@dentonandzachary.com



**DENTON & ZACHARY, PLLC**
PO Box 11127
Conway AR 72034



**CERTIFIED MAIL**

7015 1730 0000 5153 5188

Dollar General Corporation
c/o Corporation Service Company
2908 Poston Avenue
Nashville TN 37203-1312





$12.50
US POSTAGE
FIRST-CLASS
FROM 72034
FEB 19 2020
stamps
endicia